Filed 9/10/24  In re C.R. CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION ONE

| | |
|---|---|
| In re C.R., a Person Coming Under the Juvenile Court Law. | B332857 |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>C.R.,<br><br>        Defendant and Appellant. | (Los Angeles County Super. Ct. No. FJ58096-100622) |

APPEAL from the judgment of the Superior Court of Los Angeles County, Robert J. Totten, Judge.  Affirmed.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Los Angeles Department Police Officers arrested appellant C.R. for being a minor in possession of a handgun. After the juvenile court denied C.R.'s motion to suppress evidence, the court declared him a person described by Welfare and Institutions Code section 602 and placed him on probation.[1] C.R. appealed.

C.R.'s appellate counsel found no arguable issues to raise on appeal and filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). After independently reviewing the record, we affirm the judgment.

## FACTUAL AND PROCEDURAL SUMMARY

On October 6, 2022, the district attorney filed a petition under section 602 alleging that C.R. was a minor in possession of a handgun in violation of Penal Code section 29610, subdivision (a), a misdemeanor. According to the detention report, two police officers in a patrol car saw C.R. walking on a street with "an unknown object tucked in his front waistband[,] which was causing a large bulge. [C.R.] was also holding the object as if he was armed with a firearm." The officers pulled their patrol car up alongside C.R. and asked him "what was under his shirt." C.R. "voluntarily raised his shirt and [the] officers observed the handle of a firearm tucked in [his] front waistband." The officers then took C.R. "into custody and recovered a semi-automatic pistol with a seated magazine from [C.R.'s] waistband." C.R. was 16 years old at the time.

---

[1] Unspecified statutory references are to the Welfare and Institutions Code.

On October 7, 2022, the court detained C.R. and ordered that he be placed on home detention with his father.

On May 26, 2023, the court granted C.R.'s *Pitchess*[2] motion with respect to the personnel records of the two police officers who detained and arrested him. On June 21, 2023, the court conducted an in-camera review of the requested records and found "no relevant records for disclosure."

On August 2, 2023, C.R. filed a motion to suppress the evidence arising from the officers' detention, search, and arrest of C.R. During the hearing on the motion, one of the officers who arrested C.R. testified consistent with the detention report's description of the incident. The officer stated that he observed C.R. "holding an unknown object" underneath his clothes that was "causing a large bulge in his front center waistband." Based on his training and experience, the officer suspected the object was a firearm. The officer then pulled his patrol car up next to C.R. The officer's patrol partner then asked C.R. what was under his shirt, and C.R. responded by "voluntarily pick[ing] up his shirt" revealing the "handle of a firearm."

C.R. testified that the officers approached him and told him "[f]our to five times" in "not a friendly tone" to pull up his shirt. When his counsel asked him if the officer's tone was "strong," "commanding," and "authoritative," C.R. responded, "Yes." C.R. said he agreed to lift up his shirt "[b]ecause [he] felt like [he] wasn't able to leave," and thought the officers would follow him if he did not pull up his shirt. According to C.R., the officers opened the doors of their patrol car before he raised his shirt.

---

[2] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531.

3

In denying the motion, the court stated that it "reject[ed] [C.R.'s] recitation of the events" and found "the officer to be credible." The officers, the court explained, "pulled the car next to [C.R.] and they just asked him [if] something [was] under his shirt[;] he raised his shirt. [¶] This was a consensual search."

Immediately after the court's ruling on the motion to suppress, the court held a jurisdiction and disposition hearing on the section 602 petition. The court found that C.R. is a person described by section 602 and placed him on probation under section 725, subdivision (a).

C.R. filed a notice of appeal, which states that he is appealing "from the findings and orders of the court" made in connection with his motion to suppress.

## DISCUSSION

C.R.'s counsel filed a brief pursuant to *Wende, supra,* 25 Cal.3d 436, stating that counsel reviewed the record on appeal and found no arguable issues to raise on appeal. Counsel requested we independently review the record to determine whether there are any arguable issues. Counsel provided C.R. with a copy of the *Wende* brief and a copy of the record on appeal, and informed him of his right to file a supplemental brief within 30 days of July 1, 2024. On July 1, 2024, this court also sent a letter to C.R. informing him that he may, within 30 days, "submit a supplemental brief or letter stating any grounds for an appeal, or contentions, or arguments which [he] wishes this court to consider." C.R. did not file a supplemental brief.

We are satisfied that C.R.'s counsel has fully complied with her responsibilities. (*Wende, supra,* 25 Cal.3d at p. 441; *People v. Kelly* (2006) 40 Cal.4th 106, 119.)

4

We have reviewed the record and find no arguable issues on appeal.  Accordingly, we affirm the judgment.

**DISPOSITION**

The judgment is affirmed.
<u>NOT TO BE PUBLISHED</u>.


ROTHSCHILD, P. J.

We concur:


BENDIX, J.


WEINGART, J.

5